UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RON and VICKI RUSCHNER, a marital community, and PACIFIC COAST SUPPLY, LLC, a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>RICHELIEU AMERICA, LTD., a foreign corporation,<br><br>Defendant. | Case No. . C05-5168RJB<br><br>ORDER ON MOTIONS *IN LIMINE* |

This matter comes before the court on various motions filed by the parties as referenced below. The court is familiar with the records and files herein and all documents filed in support of and in opposition to said motions. For the reasons stated below, the motions are granted or denied:

1. <u>Defendant Richelieu's Motion *in Limine* Re: Damages Claims (Dkt. 34)</u>. It appears that under the asset purchase agreement, there may be a viable claim by plaintiffs for attorney's fees, and accordingly, the Motion *in Limine* should be **DENIED** in regard to plaintiffs' claim for recovery for attorney's fees. It further appears that plaintiff wife's claim for damages relating to sexual discrimination was brought only against defendant John Statton, who has not been served. Accordingly, the Motion *in Limine* should be **GRANTED** as to plaintiffs' claim for damages based on sexual discrimination.

2. <u>Defendant Richelieu's Motion *in Limine* to Exclude Plaintiffs' Witnesses and Exhibits (Dkt. 35)</u>. The requested relief in this motion is far more broad than the three-day

ORDER ON MOTIONS - 1

1  delay in serving plaintiffs' pretrial statement would justify. Accordingly, the Motion
2  should be **DENIED**.

3      3.    <u>Plaintiffs' Motions *in Limine* (Dkt. 38)</u>. In its response, defendant Richelieu agrees
4  that it does not intend to introduce at trial documents that it did not disclose or that
5  were not included among the documents that the parties exchanged during discovery.
6  Accordingly, it is appropriate to grant the plaintiffs' motion to that extent. In its
7  opposition, defendant Richelieu excepted, from the foregoing intent, "documents that
8  may be introduced for purposes of rebuttal or impeachment." Any documents that
9  were properly requested in discovery by plaintiffs, and not provided by defendants,
10 should not be admitted for any purpose. However, documents that were not properly
11 requested in discovery by plaintiffs and that are necessary for rebuttal or
12 impeachment, are not ruled inadmissible by this Order. The Motion should be
13 **GRANTED** to this extent.

14     4.    <u>Defendant Richelieu's Motion to Strike Plaintiffs' Motions *in Limine* (Dkt. 41)</u>. As
15 explained to counsel orally, the dateline in the court's Minute Order Setting Pretrial
16 Dates does not <u>require</u> that motions *in limine* be filed on or before the date indicated.
17 The court considers motions *in limine* at any time before trial and during trial,
18 provided, of course, that the responding counsel has an opportunity to address any
19 issue raised by a motion *in limine*. This Motion to Strike Plaintiffs' Motions *in*
20 *Limine* should be **DENIED**.

21     **IT IS SO ORDERED**.

22     The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of
23 record and to any party appearing *pro se* at said party's last known address.

24     DATED this 24th day of April, 2006.

25

26                                    Robert J. Bryan
                                   United States District Judge